# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH S. GEFFRARD,

        Appellant,

        v.

DEPARTMENT OF THE TREASURY,

        Agency.

DOCKET NUMBER
DC-0432-16-0627-I-1

DATE: January 31, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Joseph S. Geffrard, Columbia, Maryland, pro se.

Byron D. Smalley, Esquire, and Davina Minnix, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was previously employed as a GS-13 IT Specialist (Systems Analyst) with the agency.  Initial Appeal File (IAF), Tab 20 at 26.  His job duties included the following, among other things:  ensuring the integration of IT programs and services; designing, developing, and managing IT security systems; managing assigned projects; leading IT systems development projects from design to support; and evaluating the effectiveness of installed systems and services.  *Id.* at 162.  The appellant's Performance Plan included the five following critical elements: (1) Employee Satisfaction-Employee Contribution; (2) Customer Satisfaction-Knowledge; (3) Customer Satisfaction-Application; (4) Business Results-Quality; and (5) Business Results-Efficiency.  *Id.* at 147-59.  Additionally, each critical element had three sub-elements, lettered "A" through "C," respectively.  *Id.*  The appellant's performance was rated on a five-tier scale, including the following ratings:  Outstanding (level 5), Exceeds Fully Successful (level 4), Fully Successful (level 3), Minimally Successful (level 2), and Unacceptable (level 1).  *Id.* at 171, *see id.* at 122, 125.

¶3    By a letter dated September 22, 2015, the appellant's first-line supervisor placed him on a 60-day Performance Improvement Plan (PIP) to address his performance in critical elements 2, 3, 4, and 5.  IAF, Tab 20 at 113-20.  Specifically, the PIP letter informed the appellant that his performance was unacceptable and that he was failing sub-elements (identified as performance "aspects") 2B, 2C, 3B, 3C, 4B, 5A, and 5C of the respective critical elements.  *Id.*  The notice informed the appellant that, in order to attain a Fully Successful level of performance, he must meet all of the performance aspects listed in the critical job elements during the PIP period, and to attain a Minimally Successful level of performance and to retain retention in his position, he must fail no more than one

performance aspect during the PIP period. *Id.* at 120. The notice also included suggestions for what the appellant should do to meet the performance aspects, and informed him that his supervisor would meet with him on a biweekly basis during the PIP period to review his work, assess his progress, and answer any questions or provide necessary guidance. *Id.* at 119-20.

¶4    During a November 17, 2015 PIP counseling session, the appellant's supervisor agreed to extend the PIP period by 14 calendar days, for the period from December 3, 2015, through December 17, 2015, to provide the appellant with additional counseling due to the supervisor's absences during the PIP period. *See id.* at 79-80. After the close of the extended PIP period, on December 18, 2015, the appellant met with his supervisor for a debriefing and to discuss his performance during the PIP. *See* IAF, Tab 33 at 36-57. By a letter dated January 14, 2016, the agency proposed the appellant's removal under 5 U.S.C. chapter 43, for unacceptable performance in critical elements 2, 3, 4, and 5. IAF, Tab 20 at 60-69. After the appellant and his union representative provided an oral response to the proposal, *see id.* at 35-58, the agency issued a decision sustaining the specifications of unacceptable performance and removing the appellant from his position, effective April 26, 2016, *id.* at 29-33.

¶5    The appellant filed a Board appeal, challenging the merits of the agency's action and raising the affirmative defenses of discrimination based on national origin and reprisal for requesting reasonable accommodation. IAF, Tab 1 at 1-5; Tab 39 at 1-2, n.1; *see* IAF, Tab 38. After a hearing, IAF, Tab 43, the administrative judge issued an initial decision affirming the appellant's removal, IAF, Tab 44, Initial Decision (ID). He found that the agency met its burden of proof on each of the elements of its case and that the appellant failed to prove his affirmative defenses. ID at 7-20.

¶6    The appellant has filed a petition for review in which he alleges that the administrative judge improperly rejected three of his witnesses, challenges the administrative judge's credibility determinations and asserts that an agency

witness "committed perjury," and requests that the Board allow his new legal counsel to "review his case," indicating that his union representatives "messed up [his] case" during the oral reply to the removal proposal. Petition for Review (PFR) File, Tab 1 at 4. The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly concluded that, under the law in effect at the time, the agency satisfied its burden to prove that the appellant's performance was unacceptable.

¶7      At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that: (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (5) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 & n.5 (2013); *see* 5 U.S.C. § 7701(c)(1)(A). The administrative judge addressed each of these elements in turn and found that the agency carried its burden with respect to all of them. ID at 6-18. These findings are supported by the record, and the appellant does not challenge them on petition for review. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). Accordingly, we affirm the administrative judge's findings in this regard.

<u>The administrative judge correctly determined that the appellant failed to prove his affirmative defenses.</u>

¶8        The appellant does not challenge the administrative judge's finding that he failed to prove his affirmative defense of national origin discrimination.  PFR File, Tab 1 at 4; s*ee* ID at 16-18.  In denying the appellant's discrimination affirmative defenses, the administrative judge applied the evidentiary standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42, 48, 49-51 (2015), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25, finding that the appellant failed to introduce any evidence to support his conclusory claims of national origin discrimination and retaliation for requesting a reasonable accommodation.  IAF, Tab 44, Initial Decision (ID) at 16−20.  In *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24, the Board clarified that it will not separate direct from indirect evidence and proceed as if such evidence were subject to different legal standards.  Rather, the Board will evaluate the evidence as a whole, "in a single pile," to determine whether the appellant has shown by a preponderance of the evidence that the prohibited consideration was a motivating factor in the contested personnel action.  *Id.* (quoting *Ortiz v. Werner Enterprises*, *Inc.*, 834 F.3d 760, 766 (7th Cir. 2016)).  With respect to the appellant's national origin discrimination claim, the administrative judge determined that, aside from unsupported speculation that agency officials "maybe" removed him because he was not from the United States, the appellant had failed to produce any evidence to support this affirmative defense claim.  ID at 18.  Regardless of the characterization of the evidentiary standards, we find that the administrative judge properly considered the evidence as a whole in finding that the appellant did not prove that national

origin discrimination was a motivating factor in his removal and so the appellant failed to prove this claim.[2]

¶9  Regarding the appellant's affirmative defense of reprisal for requesting reasonable accommodation, the administrative judge also concluded that the appellant failed to prove this claim, which the appellant has not challenged on review. PFR File, Tab 1 at 4, *see* ID at 18-20. Requesting reasonable accommodation is activity protected by the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act (ADAAA), the standards of which have been incorporated by reference into the Rehabilitation Act. 29 U.S.C. § 791(f); 42 U.S.C. § 12203(a); *Pridgen*, 2022 MSPB 31, ¶¶ 35, 37 (recognizing that requesting reasonable accommodation and complaining of disability discrimination are activities protected by the ADAAA). After the issuance of the initial decision in this case, the Board clarified in *Pridgen* that this type of claim requires that the appellant prove "but-for" causation as his initial burden. *Pridgen*, 2022 MSPB 31, ¶¶ 46-47. Because we agree with the administrative judge's finding that, based on the evidence as a whole, the appellant failed to meet the lesser burden of proving that his protected activity was a motivating factor in his removal, we also find that he failed to meet the more stringent "but-for" standard that applies to his retaliation claim. *See* ID at 18-20. Accordingly, we also conclude that the appellant failed to prove this affirmative defense, as modified to incorporate the correct standard identified in *Pridgen*.

Remand is necessary to afford the parties an opportunity to provide evidence and argument concerning whether the appellant's placement on the PIP was proper.

¶10  Despite our conclusion that the administrative judge correctly determined that the appellant's performance was unacceptable based on the standard

---

[2] Because we find that the appellant failed to prove that national origin was a motivating factor in his removal, we do not reach the question of whether his activity was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

applicable at the time the initial decision was issued, after the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit issued a precedential decision in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), holding that part of the agency's burden of proof under chapter 43 is to show by substantial evidence that the appellant's performance leading up to the PIP was unacceptable. Following the issuance of *Santos*, the Board issued an Opinion and Order in *Lee v. Department of Veterans Affairs*, 2022 MSPB11 ¶ 15, which incorporated the changes made by *Santos*, setting forth the agency's burden of proof as follows: to defend an action under chapter 43, the agency must prove by substantial evidence that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

¶11    Although the record contains evidence indicating that the appellant's performance was unacceptable prior to the initiation of the PIP, *see* IAF, Tab 20 at 121-45, Tab 33 at 28-31, we nevertheless must remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements, *see Lee*, 2022 MSPB 11, ¶¶ 15‑17. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing, if appropriate. *Id.*, ¶ 17. The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on

remand, the administrative judge may incorporate in the remand initial decision his prior findings on the other elements of the agency's case, and the appellant's affirmative defenses, as modified herein to apply the proper standard. *See id.* However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, he should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

The appellant's remaining arguments do not warrant Board review.

¶12     On review, the appellant argues that the administrative judge rejected three of his witnesses because the administrative judge "claimed that [he] didn't know what they were going to say." PFR File, Tab 1 at 4. He asserts that the administrative judge "rejected" his supervisor as a witness, but a "few days prior to" the hearing "said that he could consider having her as a witness if [the appellant] provided all the information." *Id.* The appellant stated that he told the administrative judge prior to the hearing that he had a "legally obtained phone conversation" between himself and his supervisor, but that the administrative judge informed him that he would not be allowed to "play the tape in court." *Id.*

¶13     The appellant's challenges to the administrative judge's evidentiary rulings are unpersuasive. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony and evidence he believes would be irrelevant or immaterial. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). The Board has found that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on

review that the administrative judge disallowed a relevant witness or evidence that could have affected the outcome. *Id.* In contrast to the appellant's assertion, the administrative judge approved his supervisor as a witness, despite the appellant's failure to file a subpoena request for the former Federal employee. IAF, Tab 39 at 5. Similarly, the initial decision demonstrates that the administrative judge considered the transcript of the recording but found that the document was "difficult to comprehend without additional background and context and therefore [did] little to advance the appellant's claims." ID at 15 n.16. The appellant did not file an exception to the summary of the prehearing conference, in which the administrative judge granted the appellant's request to call his supervisor as a witness and allowed him to introduce relevant portions of the recording transcript to refute or corroborate material facts during the hearing. IAF, Tab 39 at 5-6. Additionally, the appellant failed to articulate any reason why the unknown testimony of his former coworker, to whom he had not spoken prior to the prehearing conference, could have affected the outcome of the appeal. PFR File, Tab 1 at 4; IAF, Tab 39 at 5. To the extent that the appellant sought to introduce the testimony of his former supervisor to demonstrate his prior "outstanding" performance, the administrative judge found her ratings of the appellant's performance were not in dispute in the record. IAF, Tab 39 at 5.

¶14 The record also clearly refutes the appellant's argument on review that the administrative judge "told [him] that the burden of proof was not with the Agency." PFR File, Tab 1 at 4. The administrative judge provided explicit instructions to the parties in both the hearing order and summary of prehearing conference that the agency had the burden of proof regarding the removal action and the appellant had the burden of proving his affirmative defenses. IAF, Tab 30 at 4-9, Tab 39 at 2‑5.

¶15 Additionally, the appellant challenges on review the administrative judge's credibility determination regarding an unspecified witness. PFR File, Tab 1 at 4. He argues that the administrative judge "called the witnesses credible, and one of

the witnesses committed perjury in his court room." *Id.* The appellant claims that he "pointed it out" to the administrative judge, who "said it wasn't important at that point." *Id.* In its response to the petition for review, the agency notes that the appellant failed to identify the witness who allegedly committed perjury, but speculates that the appellant was referring to the testimony of the deciding official, who maintained that he appeared in person at the appellant's oral reply, despite the appellant's insistence that he was not there in person. PFR File, Tab 3 at 8; IAF, Tab 43 (Hearing Recording). The Board must give due deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). To the extent that the appellant challenges the administrative judge's credibility determination of the deciding official, we conclude that the initial decision adequately addresses the administrative judge's reasons for finding that the deciding official was a credible witness.

¶16 Finally, regarding the appellant's discussion of his unsuccessful attempts to obtain legal representation prior to his oral reply to the proposed removal and his assertion that his union representatives "messed up [his] case," the appellant's failure to secure his own representation during the proceedings below does not form a basis for granting his petition on review. PFR File, Tab 1 at 4; *see Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008).

**ORDER**

¶17        For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                                  /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.